FILED
CLERK, U.S. DISTRICT COURT
JAN 15 2020
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL RICHARD RANDALL,<br><br>    Defendant. | CR No. 20CR00031<br><br>I N D I C T M E N T<br><br>[26 U.S.C. § 7201: Attempt to Evade and Defeat the Assessment and Payment of Income Tax; 18 U.S.C. § 3147: Penalty for an Offense Committed While on Release; 18 U.S.C. § 928(b), 21 U.S.C. § 853(p), 26 U.S.C. § 7301, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[26 U.S.C. § 7201; 18 U.S.C. § 3147]

1. During the calendar year 2015, in Los Angeles and Orange Counties, within the Central District of California, defendant PAUL RICHARD RANDALL, a resident of Orange, California, received taxable income, upon which there was income tax due and owing to the United States of America.

2. Knowing the foregoing facts and failing to make an income tax return on or before October 15, 2016, as required by law, to any

MA:ma

proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, defendant RANDALL, from in or about January 2015 through in or about December 2015, in the Central District of California and elsewhere, willfully attempted to evade and defeat the assessment and payment of the income tax due and owing by him to the United States of America, for the calendar year 2015, by committing the following affirmative acts, among others:

(a) On or about November 19, 2015, defendant RANDALL caused to be issued check no. 1250, in the amount of $5,000, from the Studio Pharmacy JPMorgan Chase account ending in 1083 (the "Studio Account"), payable to Entity 1, that defendant RANDALL caused to be endorsed by Individual 1 and cashed at Liquor Store 1, with proceeds paid to defendant RANDALL.

(b) On or about November 20, 2015, defendant RANDALL caused to be issued check no. 1253, in the amount of $4,500, from the Studio Account, payable to Entity 2, that defendant RANDALL caused to be endorsed by Individual 1 and cashed at Liquor Store 1, with proceeds paid for the benefit of defendant RANDALL.

(c) On or about November 25, 2015, defendant RANDALL caused to be issued check no. 1265, in the amount of $2,500, from the Studio Account, payable to Entity 3, that defendant RANDALL caused to be endorsed by Individual 2, with proceeds paid to defendant RANDALL.

(d) On or about December 2, 2015, defendant RANDALL caused to be issued check no. 1273, in the amount of $2,500, from the Studio Account, payable to Entity 4, that defendant RANDALL caused to be endorsed by Individual 2, with proceeds paid to defendant RANDALL.

(e) On or about December 10, 2015, defendant RANDALL caused to be issued check no. 1284, in the amount of $2,500, from the Studio

Account, payable to Individual 3, that defendant RANDALL caused to be endorsed by Individual 2 and cashed at Liquor Store 1, with proceeds paid to defendant RANDALL.

(f) On or about December 16, 2015, defendant RANDALL caused to be issued check no. 1297, in the amount of $5,000, from the Studio Account, payable to Entity 3, that defendant RANDALL caused to be endorsed by Individual 2, with proceeds paid to defendant RANDALL.

3. At the time of the offense, defendant RANDALL was released under Title 18, United States Code, Chapter 207, in the criminal case <u>United States v. Paul Richard Randall</u>, case no. SA CR 12-23-JLS, in the United States District Court for the Central District of California.

## COUNT TWO

[26 U.S.C. § 7201; 18 U.S.C. § 3147]

4. During the calendar year 2016, in Los Angeles and Orange Counties, within the Central District of California, defendant PAUL RICHARD RANDALL, a resident of Orange, California, received taxable income, upon which there was income tax due and owing to the United States of America.

5. Knowing the foregoing facts and failing to make an income tax return on or before October 16, 2017, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, defendant RANDALL, from in or about January 2016 through in or about December 2016, in the Central District of California and elsewhere, willfully attempted to evade and defeat the assessment and payment of the income tax due and owing by him to the United States of America, for the calendar year 2016, by committing the following affirmative acts, among others:

(a) On or about May 5, 2016, defendant RANDALL caused to be issued check no. 1460, in the amount of $2,500, from the Studio Account, payable to Attorney 1, with the notation, "attorney fees," that defendant RANDALL caused to be endorsed by Individual 2 and cashed at Liquor Store 1, with proceeds paid to defendant RANDALL.

(b) On or about May 11, 2016, defendant RANDALL caused to be issued check no. 1469, in the amount of $2,500, from the Studio Account, payable to Attorney 1, with the notation, "attorney fees," that defendant RANDALL caused to be endorsed by Individual 2 and cashed at Liquor Store 1, with proceeds paid to defendant RANDALL.

(c) On or about May 13, 2016, defendant RANDALL caused to be issued check no. 1474, in the amount of $2,000, from the Studio

Account, payable to Attorney 1, with the notation, "attorney fees," that defendant RANDALL caused to be endorsed by Individual 2 and cashed at Liquor Store 1, with proceeds paid to defendant RANDALL.

(d) On or about July 18, 2016, defendant RANDALL caused to be issued check no. 1607, in the amount of $2,000, from the Studio Account, payable to Attorney 2, with the notation, "legal fees," that defendant RANDALL caused to be endorsed by Individual 2 and cashed at Liquor Store 1, with proceeds paid to defendant RANDALL.

(e) On or about September 26, 2016, defendant RANDALL caused to be issued check no. 1732, in the amount of $2,500, from the Studio Account, payable to Individual 4, with the notation, "legal fees," for the benefit of defendant RANDALL.

(f) On or about October 27, 2016, defendant RANDALL caused to be issued check no. 1786, in the amount of $2,500, from the Studio Account, payable to Individual 4, with the notation, "legal fees," that defendant RANDALL caused to be endorsed by Individual 2 and cashed at Liquor Store 1, with proceeds paid to defendant RANDALL.

(g) On or about November 10, 2016, defendant RANDALL caused to be issued check no. 1813 from the Studio Account, in the amount of $17,500, payable to Entity 5, with the notation "Financial Advisement," with proceeds used to repay defendant RANDALL'S pre-existing, personal debt to Individual 5.

(h) On or about November 14, 2016, defendant RANDALL caused to be issued check no. 1816 from the Studio Account, in the amount of $15,000, payable to Entity 5, with the notation "Financial Advisement," with proceeds used to repay defendant RANDALL'S pre-existing, personal debt to Individual 5.

  (i) On or about December 8, 2016, defendant RANDALL caused to be issued check no. 1863 from the Studio Account, in the amount of $6,000, payable to Entity 1, that defendant RANDALL caused to be endorsed by Individual 1 and cashed at Liquor Store 1, with proceeds paid to defendant RANDALL.

  6. At the time of the offense, defendant RANDALL was released under Title 18, United States Code, Chapter 207, in the criminal case <u>United States v. Paul Richard Randall</u>, case no. SA CR 12-23-JLS, in the United States District Court for the Central District of California.

## COUNT THREE

[26 U.S.C. § 7201; 18 U.S.C. § 3147]

7. During the calendar year 2017, in Los Angeles and Orange Counties, within the Central District of California, defendant PAUL RICHARD RANDALL, a resident of Orange, California, received taxable income, upon which there was income tax due and owing to the United States of America.

8. Knowing the foregoing facts and failing to make an income tax return on or before October 15, 2018, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, defendant RANDALL, from in or about January 2017 through in or about December 2017, in the Central District of California and elsewhere, willfully attempted to evade and defeat the assessment and payment of the income tax due and owing by him to the United States of America, for the calendar year 2017, by committing the following affirmative acts, among others:

(a) On or about January 6, 2017, defendant RANDALL caused to be issued check no. 1891 from the Studio Account, in the amount of $10,000, payable to Entity 5, with proceeds used to repay defendant RANDALL'S pre-existing, personal debt to Individual 5.

(b) On or about January 18, 2017, defendant RANDALL caused to be issued check no. 1905, in the amount of $5,000, from the Studio Account, payable to Attorney 3, with proceeds used to repay defendant RANDALL's pre-existing, personal debt to Attorney 3.

(c) On or about April 11, 2017, defendant RANDALL caused to be issued check no. 2015, in the amount of $2,500, from the Studio Account, payable to Individual 4, with proceeds used to repay defendant RANDALL's pre-existing, personal debt to Individual 4.

(d)  On or about May 8, 2017, defendant RANDALL caused to be issued check no. 2051, in the amount of $10,000, from the Studio Account, payable to Attorney 2, with proceeds used to repay defendant RANDALL's pre-existing, personal debt to Attorney 2.

(e)  On or about May 8, 2017, defendant RANDALL caused to be issued check no. 2052, in the amount of $2,500, from the Studio Account, payable to Attorney 3, with proceeds used to repay defendant RANDALL's pre-existing, personal debt to Attorney 3.

9.  At the time of the offense, defendant RANDALL was released under Title 18, United States Code, Chapter 207, in the criminal case United States v. Paul Richard Randall, case no. SA CR 12-23-JLS, in the United States District Court for the Central District of California.

## FORFEITURE ALLEGATION

[18 U.S.C. § 982(b); 21 U.S.C. § 853(p);

26 U.S.C. § 7301 and 28 U.S.C. § 2461(c)]

9. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, 7301, and Title 28, United States Code, Section 2461(c), in the event of the defendant PAUL RICHARD RANDALL's conviction under any of Counts One through Three, inclusive, of this Indictment.

10. Defendant RANDALL, if so convicted, shall forfeit to the United States of America the following:

    a. Any property sold or removed by defendant RANDALL in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which was removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof;

    b. All property manufactured into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax;

    c. All property whatsoever, in the place or building, or any yard or enclosure, where the property described in subsection (a) or (b) is found, or which is intended to be used in the making of property described in subsection (a), with intent to defraud the United States of tax or any part thereof, on the property described in subsection (a);

    d. All property used as a container for, or which shall have contained, property described in subsections (a) or (b);

      e. Any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of property described in subsections (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a); and

      f. To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in this paragraph.

11. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), defendant RANDALL shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant RANDALL, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

///
///
///
///
///
///
///
///
///

value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

CATHY J. OSTILLER
Assistant United States Attorney
Acting Deputy Chief, Major Frauds Section

MARK AVEIS
Assistant United States Attorney
Major Frauds Section